UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| **DAMON POINDEXTER** | ) |
| **Plaintiff** | ) |
| | ) Civil Action No. 5:10CV-32-R |
| vs. | ) |
| | ) |
| **BRAD BOYD, ET AL.,** | ) |
| | )      **Electronically Filed** |
| **Defendants** | ) |

**ANSWER TO FIRST AMENDED COMPLAINT**

Come the Defendants, by counsel, and for their Answer to First Amended Complaint state:

1. These Defendants incorporate by reference herein, their Answer previously filed.

2. Any affirmative allegation of the First Amended Complaint not specifically admitted herein, is hereby denied.

3. These Defendants admit numerical Paragraphs 1, 2 and 3 of the Plaintiff's Amended Complaint but specifically deny the Plaintiff's civil rights were violated.

4. These Defendants are without sufficient knowledge, information or belief to admit or deny numerical Paragraphs 5 and 9 of the Plaintiff's Amended Complaint and therefore deny same.

5. These Defendants admit numerical Paragraphs 6, 7 and 8 of the Plaintiff's Amended Complaint.

6. These Defendants admit numerical Paragraphs 10, 11, 12, 13, 14, 15, 16 and 17 of the Plaintiff's Amended Complaint.

7. These Defendants affirmatively state the Plaintiff received appropriate medical care and attention under the circumstances and these Defendants were not deliberately indifferent to the Plaintiff's medical needs.

8. These Defendants deny numerical Paragraphs 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, and 29 of the Plaintiff's Amended Complaint.

9. These Defendants admit so much of numerical Paragraph 31 of the Plaintiff's Amended Complaint as alleges on August 10, 2009, Plaintiff was an inmate at the Christian County Jail, but are without sufficient knowledge, information or belief to admit or deny the balance of numerical Paragraph 31 and therefore deny same.

10. These Defendants are without sufficient knowledge, information or belief to admit or deny numerical Paragraphs 32 and 33 of the Plaintiff's Amended Complaint and therefore deny same.

11. These Defendants deny numerical Paragraphs 34, 35 and 36 of the Plaintiff's Amended Complaint.

12. These Defendants admit so much of numerical Paragraph 37 of the Plaintiff's Complaint as alleges the Defendant, Missy Lancaster rendered care to the Plaintiff, deny she made a diagnosis and admit the Defendant Enslie was given instructions regarding non-narcotic pain medication.

13. These Defendants admit numerical Paragraph 38 of the Plaintiff's Amended Complaint.

14. These Defendants admit so much of numerical Paragraph 39 of the Plaintiff's Amended Complaint as alleges Defendant Lancaster planned to see the Plaintiff the following day but deny the portion of the allegation which infers there were

some delay in care and attribute such delay to it being the end of Defendant Lancaster's work day.

15. These Defendants deny numerical Paragraphs 40, 41, 42 and 43 of the Plaintiff's Amended Complaint.

16. These Defendants are without sufficient knowledge, information or belief to admit or deny numerical Paragraph 44 of the Plaintiff's Amended Complaint and therefore deny same.

17. These Defendants admit numerical Paragraph 45 of the Plaintiff's Amended Complaint.

18. These Defendants are without sufficient knowledge, information or belief to admit or deny numerical Paragraphs 46, 47, 48, 49, 50, 51 and 52 of the Plaintiff's Amended Complaint and therefore deny same.

19. These Defendants admit so much of numerical Paragraph 53 of the Plaintiff's Amended Complaint as alleges in the event the Plaintiff was being taken to Court as he alleges, customary restraints utilized for all prisoners were likely utilized.

20. These Defendants are without sufficient knowledge, information or belief to admit or deny whether or not "injury was very obvious" and therefore deny that portion of numerical Paragraph 53.

21. These Defendants are unable to admit or deny so much of numerical Paragraph 55 as alleges the Defendant had not seen a physician on or before August 19, 2009 but deny that he was not allowed to see a physician. Specifically, an appointment for the Plaintiff with an outside physician was arranged at the convenience of that physician. Further, the jail physician either examined the Plaintiff or viewed the nurses

records prior to August 19, 2009 based on a note from the jail physician in the Plaintiff's inmate file.

22. These Defendants admit the Plaintiff saw Dr. Mesa on or about August 20, 2009 as alleged in numerical Paragraph 56; but, are unaware of the examination performed by Dr. Mesa; and further, are unaware of what may have been "explained" to Dr. Mesa by the Plaintiff and consequently deny the balance of the allegations in numerical Paragraph 56, not specifically admitted.

23. These Defendants are without sufficient knowledge, information or belief to admit or deny the allegations in numerical Paragraph 57, 58, 59, 60, 61, 62, 63 and 64 and therefore deny same. These Defendants specifically believe, the Plaintiff attempted to alter the splint and if in fact the splint did break, such breakage was a result of the Plaintiff's attempt to alter the splint.

24. These Defendants admit so much of numerical Paragraph 65 as alleges the Defendant, Missy Lancaster came to the Plaintiffs' cell to administer medication; instructed Plaintiff to "stay off his foot;" but, are without knowledge of the effect of the medication on the Plaintiff's pain and swelling.

25. These Defendants admit numerical Paragraph 66 of the Plaintiff's Amended Complaint, specifically stating, Plaintiff refused to cooperate in procuring crutches, by refusing placement in a medical/isolation cell.

26. These Defendants admit so much of numerical Paragraph 67 as alleges crutches are not allowed in the general population of the jail for security reasons, but specifically, state, crutches are allowed in a medical cell, which the Plaintiff refused.

27. These Defendants are without sufficient knowledge, information or belief to admit or deny numerical Paragraph 68 of the Plaintiff's Amended Complaint and therefore deny same.

28. These Defendants admit numerical Paragraph 69 of the Plaintiff's Amended Complaint.

29. These Defendants are without sufficient knowledge, information or belief to admit or deny what information Plaintiff may have received from Doctor Mesa, and therefore deny numerical Paragraph 70 of the Plaintiff's Amended Complaint.

30. These Defendants are without sufficient knowledge, information or belief to admit or deny numerical Paragraph 71 of the Plaintiff's Amended Complaint.

31. These Defendants admit so much of numerical Paragraph 72 as alleges the Plaintiff was released, from jail prior to his surgery.

32. These Defendants deny numerical Paragraph 73 of the Plaintiff's Amended Complaint.

33. These Defendants are without sufficient knowledge, information or belief to admit or deny numerical Paragraphs 74, 75, 76, 77, and 78 of the Plaintiff's Amended Complaint and therefore deny same.

34. These Defendants deny so much of numerical Paragraph 79 of the Plaintiff's Amended Complaint as alleges the Defendants "made a conscious decision to disregard their training." These Defendant's admit they have been trained to address situations where inmates suffer injury.

35. These Defendants deny numerical Paragraphs 80, 81, 83, 84, 85, 86, 87, 88, 89, 90, 92, 95, 96 and 97 of the Plaintiff's Amended Complaint.

36. These Defendants admit numerical Paragraphs 93 and 94 of the Plaintiff's Amended Complaint.

37. These Defendants deny numerical Paragraphs 99, 100, 102, and 103 of the Plaintiff's Amended Complaint.

38. Any affirmative allegation of the Plaintiff's Amended Complaint not specifically admitted herein is denied.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

As an affirmative defense, these Defendants plead waiver, estoppel and failure to exhaust administrative remedies.

#### SECOND AFFIRMATIVE DEFENSE

At all times complained of, these Defendants acted in good faith and in conformity with all applicable standards, laws and regulations related to their conduct written objectively reasonable belief that their actions were lawful.

#### THRID AFFIRMATIVE DEFENSE

If the Plaintiff has been damaged as alleged, which is specifically denied, such damages are the result of his own negligence or the negligence of a third party or parties over whom these Defendants had no authority or control.

#### FOURTH AFFIRMATIVE DEFENSE

If the Plaintiff has been damaged as alleged, which is specifically denied, such damages are the result of the intentional acts of a third party or parties over whom these Defendants had no authority or control.

## FIFTH AFFIRMATIVE DEFENSE

If the Plaintiff has been damaged as alleged, which is specifically denied, he has, in whole or part, failed to mitigate his damages and, therefore, should be barred from recovery.

## SIXTH AFFIRMATIVE DEFENSE

At all times complained of, these Defendants were acting in their official capacities in the course of the scope of their employment and therefore acting under the privilege to engage in said conduct.

## SEVENTH AFFIRMATIVE DEFENSE

At all times complained of, these Defendants were acting in their official capacities in the course and scope of their employment and therefore are protected by total or qualified immunity. These Defendants plead the doctrine of immunity as a complete defense to the Plaintiff's Amended Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's Amended Complaint is barred by the doctrine of sovereign immunity.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff's Amended Complaint is barred by the doctrines of absolute and/or qualified immunity.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff's Amended Complaint is barred by the doctrine of governmental immunity.

### ELEVENTH AFFIRMATIVE DEFENSE

These Defendants are entitled to official immunity from suit for any act or omissions complained of in the Plaintiff's Amended Complaint.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiff's Amended Complaint is barred by the provisions of KRS 65.200 et seq.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred by the provisions of the Prison Litigation Reform Act, 42 U.S.C.A. § 1997(e), et seq.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred by the doctrines of intervening and/or superseding cause.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred by the doctrines of comparative and/or contributory negligence.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent the Amended Complaint seeks punitive or exemplary damages, it violates these Defendants rights to procedural due process, to protection from excessive fines, and to substantive due process provided by the United States Constitution and the Bill or Rights of the Constitution of the Commonwealth of Kentucky, and therefore fails to state a cause of action or claim upon which punitive or exemplary damages can be awarded against these Defendants.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims may be barred by insufficient process or insufficient service of process and by filing an Answer herein; the individual Defendants do not waive any claim that the process or the service of process was sufficient.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

These Defendants reserve the right to plead further herein, specifically reserve the right to amend this Answer to assert any and all other affirmative defenses which facts or discovery herein may reveal appropriate.

WHEREFORE, these Defendants demand that the Amended Complaint be dismissed and held for naught; trial by jury; their costs and reasonable attorney fees; and, for any and all other relief to which they appeared entitled.

s/Harold M. Johns_____
Harold M. Johns
12 Public Square
P.O. Box 746
Elkton, Kentucky 42220
Telephone: (270) 265-2912
Facsimile: (270) 265-2054
hmjohns@johnslawfirm.com
*Attorney for the Defendants*


 J. Michael Foster
209 East 14th Street
P.O. Box 24
Hopkinsville, Kentucky 42240
Telephone: 270-886-1272
Facsimile: 270-886-3910
mfoster@hopkinsville.net
*Co-Counsel*

## CERTIFICATE OF SERVICE

On the 1st day of October, 2010 the undersigned filed this document through the ECF system, which will send a notice of electronic filing to:

Hon. Eric C. Deters
Eric C. Deters & Associates PSC
5247 Madison Pike
Independence, KY 41051-7941
erick@ericdeters.com
*Attorney for the Plaintiff*

                                                  s/Harold M. Johns____
                                                  Harold M. Johns